UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MARIA C. LEON,

    Plaintiff,

v.

MOTOR-SERVICES HUGO STAMP, INC.,
a Florida Corporation,

    Defendant.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff, MARIA C. LEON ("Ms. Leon" or "Plaintiff"), brings this action against Defendant, MOTOR-SERVICES HUGO STAMP, INC. ("MSHS" or "Defendant") for gender/sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act, at Chapter 760, FLA. STAT. ("FCRA"), and for age based discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), 29 U.S.C. § 623(a)(1), and the FCRA.

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and Plaintiff's attorneys' fees and costs.

## JURISDICTION

3. This Court has original jurisdiction over Plaintiff's Title VII and ADEA claims as they arise under federal law.

4. This Court has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same set of operative facts as Plaintiff's Title VII claims and are so related to Plaintiff's

Title VII and ADEA claims that it forms part of the same case or controversy.

5. The actions giving rise to this lawsuit occurred in Broward County, Florida.

## VENUE

6. Venue is proper because Defendant conducts substantial business in Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## PARTIES

7. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and Title VII because:

   a. She is a female employee who suffered gender-based harassment/discrimination and retaliation because of her sex/gender by Defendant;

   b. She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to this protected category; and

   c. Plaintiff also was retaliated against and constructively discharged for opposing Defendant's illegal and discriminatory workplace practices.

8. Defendant was at all material times an "employer" as envisioned by the FCRA and Title VII because it employed in excess of fifteen (15) employees.

9. Defendant was at all material times an "employer" as envisioned by the ADEA because it employed in excess of twenty (20) employees.

10. Defendant is Florida Corporation that operates in, among other places, Broward County, Florida.

## CONDITIONS PRECEDENT

11. Plaintiff, on or about October 9, 2020, dual filed a charge of discrimination with the

U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant.

12. More than 180 days have passed since the dual filing of her Charge, and Plaintiff's FCRA claims are ripe.

13. Plaintiff received her Right to Sue letter from the EEOC on July 21, 2021.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Ms. Leon worked for MSHS as a Human Resource Director from January 19, 2017, until her forced discharge on April 24, 2020.

17. Plaintiff was fifty-eight (58) years old at the time of her discharge.

18. During her time with MSHS, Ms. Leon was an excellent employee with no significant history of attendance, tardiness, or disciplinary issues.

19. During her years with MSHS, Ms. Leon was subjected to discrimination and mistreatment based on her sex, female, and her age.

20. MSHS frequently gave pay increases to its younger male employees, but Ms. Leon only ever received a one-time modest 4% pay increase in May of 2018.

21. In 2019, MSHS hired an Executive Vice President, David Santamaria, and a Chief Financial Officer / Vice President, Rick Cuseo.

22. All of the members of MSHS's leadership team were informed of the new reporting structure that resulted from these hires except for Ms. Leon.

23. All of Ms. Leon's younger male counterparts held the title of Vice President, but

she and the other two (2) female members of MSHS's leadership team were held down at the Director level even though they carried the same or higher responsibilities.

24. Ms. Leon was denied the opportunities for pay increases and advancement within the company that were enjoyed by younger males.

25. In late 2019, Ms. Leon discussed these frustrating realities with Mr. Santamaria.

26. In doing so, Ms. Leon objected to discrimination based on sex/gender and age.

27. Ms. Leon's objection is considered protected activity under Title VII, the ADEA, and the FCRA.

28. Mr. Santamaria candidly admitted that it would be difficult to convince MSHS's Chairman, Are Friesecke, to give Ms. Leon, the title of Vice President at MSHS.

29. Mr. Santamaria then cynically put together a "panel" consisting of six (6) males and only one (1) female to prepare an appraisal of Ms. Leon's performance for Mr. Friesecke's benefit.

30. Certain members of this "panel" were known to have biases against the Human Resources Department, as Ms. Leon and others in Human Resources had had to address inappropriate behavior and conduct exhibited by these individuals over the years.

31. Not surprisingly, these individuals provided information during this "appraisal" that was negative, false, and unsubstantiated, in order to justify MSHS's refusal to elevate Ms. Leon to a Vice Presidency.

32. On December 18, 2019, realizing that the discrimination and retaliation based on her sex/gender and age was never going to change at MSHS, Ms. Leon resigned from her employment with MSHS.

33. Any reasonable person in Ms. Leon's position would have done similarly.

34. Ms. Leon agreed to remain in the employ of MSHS until July 31, 2020, to facilitate the hiring and transitioning of a new Human Resources Director.

35. Mr. Santamaria hired a new Human Resources Director in January of 2020.

36. From that point forward, Mr. Santamaria harassed Ms. Leon to change the date of her resignation from July 31, 2020, to April 24, 2020, which forced Ms. Leon to depart earlier than anticipated.

37. Plaintiff's discharge from her employment was due to the severe and pervasive discriminatory treatment Plaintiff suffered based on her gender/sex and Age, and for her complaints regarding same.

38. By reason of the foregoing, Defendant's actions violated Title VII, the ADEA, and the FCRA.

39. At all material times hereto, Plaintiff was ready, willing, and able to perform her job duties.

40. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and retaliation suffered by Plaintiff.

## COUNT I
## GENDER BASED DISCRIMINATION IN VIOLATION OF TITLE VII

41. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 3, 5 through 8, and 10 through 40 of the Complaint, as if fully set forth in this Count.

42. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under Title VII.

43. Plaintiff is female.

44. Plaintiff was subjected to severe and pervasive discriminatory treatment because of

her sex/gender, and as a result was constructively discharged.

45. Plaintiff was subjected to disparate treatment due to her sex/gender.

46. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

47. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II
## RETALIATION UNDER TITLE VII

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 3, 5 through 8, and 10 through 40 of the Complaint, as if fully set forth in this Count.

50. The acts of Defendant by and through its agents and employees, willfully violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Title VII.

51. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, unlawful discharge, in conjunction with the retaliatory hostile work environment.

52. The conduct of Defendant its agents and employees proximately, directly, and

foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff is entitled to recover and attorneys' fees and costs reasonable attorneys' fees and litigation expenses pursuant to Title VII.

54. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII, that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## GENDER BASED DISCRIMINATION IN VIOLATION OF THE FCRA

55. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4 through 8, and 10 through 40 of the Complaint, as if fully set forth in this Count.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender-based discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

57. Plaintiff is female.

58. Plaintiff was constructively discharged only because of her sex/gender, and would not

have been, but for her sex/gender.

59. Defendant did not have a legitimate, non-discriminatory, reason for Plaintiff's discharge nor good faith basis for Plaintiff's constrictive discharge based on her gender.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

61. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages,; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat., and provide any additional relief that this Court deems just.

## COUNT IV
## RETALIATION UNDER THE FCRA

64. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4 through 8, and 10 through 40 of the Complaint, as if fully set forth in this Count.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing gender-based discrimination under Florida Civil Rights Act, Chapter 760, Fla. Stat.

66. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal gender-based discrimination and resulted in Plaintiff's retaliatory, adverse employment action, in conjunction with the retaliatory hostile work environment.

67. The illegal conduct of Defendant, its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

69. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

70. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; provide any additional relief that this Court deems just.

## COUNT V
## AGE BASED DISCRIMINATION IN VIOLATION OF THE ADEA

71. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 3, 5, 6, and 9 through 40 of the Complaint, as if fully set forth in this Count.

72. Plaintiff was over forty (40) years old when she was discharged.

73. Plaintiff was not discharged for cause.

74. Plaintiff was constructively discharged because of her age, and would not have been discharged but for her age.

75. Defendant did not have a legitimate, non-discriminatory reason for Plaintiff's discharge.

76. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

77. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

78. Defendant's discharge of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

79. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

80. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA; provide any additional relief that this Court deems just.

## COUNT V
## AGE BASED DISCRIMINATION IN VIOLATION OF THE FCRA

81. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 3, 5, 6, and 9 through 40 of the Complaint, as if fully set forth in this Count.

82. Plaintiff was over forty (40) years old when she was discharged.

83. Plaintiff was not discharged for cause.

84. Plaintiff was constructively discharged because of her age, and would not have been discharged but for her age.

85. Defendant did not have a legitimate, non-discriminatory reason for Plaintiff's discharge.

86. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

87. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

88. Defendant's discharge of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

89. Defendant had no good faith basis for terminating Plaintiff based on her age, and

Plaintiff is entitled to liquidated damages based on these actions.

90. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the FCRA.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including liquidated damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA; provide any additional relief that this Court deems just.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 7th day of October, 2021.

Respectfully submitted,

 **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*